Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 236 | DATE | 9/9/2003 |
| CASE TITLE | ISAAC D. JOHNSON vs. BD OF TRUST OF THE UNIVERSITY OF IL | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants the Board's motion to dismiss Count II of the complaint [6-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| ✗ | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 11 2003 date docketed | |
| | Docketing to mail notices. | | 16 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CG courtroom deputy's initials | 03 SEP 10 AM 11:00 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC D. JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Judge Ronald A. Guzmán |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, | ) ) ) ) | 03 C 00236 |
| Defendant. | ) | |

DOCKETED
SEP 1 1 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Isaac D. Johnson ("Johnson") has sued defendant Board of Trustees of the University of Illinois ("Board"). The Board has moved to dismiss Count II of the complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). For the reasons provided in this Memorandum Opinion and Order, the Court grants the Board's motion to dismiss Count II of the complaint.

## FACTS

On March 17, 2003, plaintiff Johnson filed a complaint against defendant Board of Trustees of the University of Illinois that alleges in Count I, race discrimination under Title VII of the Civil Rights Act, and in Count II, breach of the contract and settlement agreement stemming from an earlier case involving the parties. Compl. at p. 8 ¶ 1, 51-52. The motion to dismiss deals solely with Count II.

1



The settlement agreement arose as a result of settling *Johnson v Univ. of Illinois*, No. 90 C 0968. Those who signed the agreement include Johnson, two of Johnson's attorneys, counsel for the University of Illinois at Chicago, and the controller and secretary of the Board of Trustees of the University of Illinois. Compl. Ex. A at 5. Contained within the contract is no agreement that the Northern District of Illinois shall have jurisdiction over enforcement of the contract. Compl. Ex. A. Judge Duff's final agreed order in this case stated:

> IT IS HEREBY ORDERED THAT:
> Petitioner Isaac D. Johnson's second petition for rule to show cause is dismissed with prejudice, all matters at issue having been fully compromised and settled, except that petitioner may file a petition for attorneys' fees and costs with respect to his second petition for rule to show case and the settlement thereof.

*Id.*

The Board moves to dismiss Count II for want of jurisdiction, arguing, inter alia, that the Illinois Court of Claims has exclusive jurisdiction over enforcement of contracts that involve the State as a party. Johnson responds, inter alia, that the Court retained jurisdiction over the settlement, and that the Board waived immunity by appearing before the Court pursuant to which the Agreed Order was entered.

## **DISCUSSION**

Rule 12(b)(6) provides that a claim can be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Thus, the rule authorizes a court to dismiss a claim based on an issue of law. *Neitzke v Williams,* 109 S. Ct. 1827,

2

1832 (1989). When making a determination as to whether a claim should be dismissed under Rule 12(b)(6), the court needs to assume that all facts alleged are true. *Id., see also Nat'l. Org. for Women, Inc. v. Scheidler,* 114 S. Ct. 798, 803 (1994). A claim must be dismissed if "as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke,* 109 S. Ct. at 1832 (internal citation omitted). Thus, a "patently insubstantial complaint may be dismissed ... for want of subject-matter jurisdiction." *Id.*

A state is a sovereign and is therefore, immune from suit. *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 119 S. Ct. 2219, 2223 (1999). The State can waive its right to sovereign immunity by consenting to suit. *Id.* The test for determining whether immunity from federal-court jurisdiction has been waived by the State is a "stringent one." *Id.* Thus, a State does not consent to suit in the federal courts merely because it consents to suit in one of its own courts. *Id.*

The "classic" way to waive immunity is by "intentional relinquishment or abandonment of a known right or privilege." *Id.* (internal citation omitted). As such, a court must be shown that the State waived sovereign immunity either by "the most express language or by such overwhelming implications . . . as will leave no room for any other reasonable construction." *Ranyard v. Bd. of Regents,* 708 F.2d 1235, 1239 (7th. Cir. 1983).

In Illinois, the Court of Claims has exclusive jurisdiction to hear and determine claims against the State founded upon any contract entered into with the State of Illinois. 705 ILCS 505/8. The Board of Trustees of the University of Illinois is an arm of the

3

state, is not autonomous or independent of the State of Illinois, and therefore, contractual suits against it must be filed in the Court of Claims. *Tanner v Bd. of Tr. of the Univ. of Illinois*, 363 N.E.2d 208, 210 (Ill. App. Ct. 1977), *see also Ellis v Bd. of Governors of State Coll. and Univ.*, 466 N.E.2d 202 (Sup. Ct. Ill., 1984) (holding that because the Board is the State for sovereign immunity purposes, all claims sounding in contract must be brought in the Court of Claims). Thus, simply because the State enters into and is obligated under a contract does not mean that it consents to suit in a place other than the Court of Claims. *Raymond v. Goetz*, 635 N.E.2d 114 (Ill. App. Ct. 1994).

When the contract is a settlement agreement, the district court may have the power to enforce it under two circumstances: 1) where there is an independent basis for jurisdiction or 2) when the court retained jurisdiction over the settlement agreement in its final order. *VMS Sec. Litigation v. Prudential Sec. Inc.*, 103 F.3d 1317, 1321 (7th. Cir. 1996). In *Kokkonen v Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673 (1994), the Supreme Court held that when a district court simply dismisses a claim under Fed. Rule Civ. Pro. ("Rule") 41(a)(1)(ii), "by filing a stipulation of dismissal signed by all parties who have appeared in the action and causes the dismissal to be with prejudice, if the stipulation so specifies," "jurisdiction of the court over disputes arising out" of that agreement is not implied. *Kokkonen v Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994) (internal citation omitted). Instead, because enforcement of the settlement agreement "is more than just a continuation or renewal of the dismissed suit," the district court must require its own basis for jurisdiction. *Id.* at 1675-76.

For example, in *United Steel Workers of Am. v. Libby*, 895 F.2d 421 (7th. Cir.

4

1990), the district court entered an order of dismissal that read as follows:

> The Court having approved the Settlement Agreement, Response and Covenant Not to Sue, entered into by the parities ... IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Complaint and the Counterclaim be and hereby are dismissed, with prejudice, each party bearing its own costs and attorney's fees.

*United Steel Workers of Am. v. Libby*, 895 F.2d 421, 422 (7th. Cir. 1990). The terms of the settlement agreement were made a part of the record after the judge and the parties signed the settlement agreement. *Id.* When one of the parties later sought assistance from the district court in interpreting the settlement agreement, the Seventh Circuit held that the district court's outright dismissal of the case did not leave the court any basis for subsequent exercise of jurisdiction with regards to the settlement agreement. *Id.* at 422, 423-24. The court reasoned that in order for the district court to have jurisdiction over the settlement agreement, it needed to be possible to infer that the judge intended to retain jurisdiction. *Id.* at 423. There, the court stated that there was nothing in the order of dismissal to indicate any intention to retain jurisdiction over completion of the parties' agreement. *Id.*

In this case before us the Court lacks jurisdiction with regard to the settlement agreement. First, there is no independent basis for jurisdiction. Illinois law clearly states that contract claims involving the State must be brought in the Court of Claims unless the State waives that requirement. Here, the Board is the state for contract purposes.

Thus, in order for the Court to have jurisdiction, waiver must be shown. However, there is no indication of intentional relinquishment or abandonment of the right to immunity by the Board. There is no express language used by the Board to waive its

right contained within the settlement agreement. Thus, the Board did not waive its right.

Secondly, there is no showing that the Court retained jurisdiction over the settlement agreement entered into by Johnson and the Board. Like *United Steel Workers*, the ordered of dismissal entered by Judge Duff contained no words to indicate any inference or intention to retain jurisdiction over completion of the parties' agreement. The two orders are nearly identical, the main difference being with how attorney's fees and costs would be dealt. However, language stating that Johnson could file a petition for costs and attorney's fees has nothing to do with the actual enforcement of the settlement agreement. Therefore, the order did not leave the Court any basis for subsequent exercise of jurisdiction with regards to the settlement agreement.

## CONCLUSION

For the foregoing reasons, the Court grants the Board's motion to dismiss Count II of the complaint [#6].

**SO ORDERED**

ENTERED: September 9, 2003

HON. RONALD A. GUZMAN
United States Judge